HARVEY A. CRAM *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 31, 1891.*

1. MUNICIPAL CORPORATIONS—*power to determine character of street improvements.* Under the statute, the city councils in cities and the boards of trustees in villages, and they alone, are clothed with power to determine what the nature and character of the improvement of streets shall be.

2. SPECIAL ASSESSMENT—*evidence as to quality of improvements inadmissible, on application for confirmation.* On an application for the confirmation of a special assessment for paving a street, evidence that the street might be better improved by the use of other materials, and at less cost and expense, is inadmissible.

2. SAME—*application for confirmation—questions involved.* On such application, if the proper steps have been taken, the only question to be determined is, whether the premises of the objector are assessed more or less than they will be benefited, or more than their proportionate share of the cost of the improvement.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. WILSON & MOORE, for the appellants.

Mr. WILLIAM J. DONLIN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from the judgment of the county court of Cook county, confirming a special assessment for curbing, filling and paving Emerald avenue.

But one ground is relied upon by counsel for appellants to reverse the judgment of the county court. The ordinance under which the assessment was made, provided that Emerald avenue should be paved with cedar blocks. On the hearing the appellants offered to show that a macadam road, of the

average thickness of a foot and a half, in that same locality, would give the same advantage of egress and access, and of passage to and fro, that the road contemplated by the present improvement would; also, that it would be more permanent, and could be kept in repair, which the other could not, and would cost twenty-five to thirty per cent less. The petitioner objected to the introduction of this evidence, and the court sustained the objection, and the ruling of the court is relied upon as error.

Under section 134, chapter 24, of the Revised Statutes of 1874, it is provided, that when a local improvement is to be made wholly or in part by special assessment, the city councils in cities or boards of trustees in villages shall pass an ordinance to that effect, specifying the nature, character, locality and description of the improvement. Under this section of the statute it seems plain that the city councils in cities and the boards of trustees in villages, and they alone, are clothed with the power to determine what the nature and character of the improvement shall be. That power was exercised in this case by the city council when the ordinance providing for the improvement was passed, and while it may be true that an improvement of a different character might be much cheaper, and might answer the purpose as well as the one provided for by the city council, that fact however can not be interposed as a defense to the confirmation of the assessment. It was a matter for the city council to determine whether the street should be paved with blocks or macadam, and the decision of that body is not subject to review by a property owner on an application to confirm the assessment. On the application for confirmation, if the various steps required by the statute have been observed by the petitioner, the question then to be determined is, whether the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement. The offered evidence had no bearing upon this

question, but, on the other hand, its only purpose could be to review a discretionary power vested in the city council, which, as heretofore said, was not subject to review. The judgments of different persons differ so widely in regard to the best mode of grading or improving a street, if the door was open, in a proceeding of this character, for the admission of such evidence, it would be almost impossible to sustain any assessment. For this reason, no doubt, the legislature saw proper to place in the hands of the city council the power to settle and determine the nature and character of the improvement, and make that determination final.

We think the court ruled properly on the evidence, and the judgment must be affirmed.

*Judgment affirmed.*