SAMUEL DELAMATER *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa April 1, 1895—Rehearing denied November 25, 1895.*

1. APPEALS AND ERRORS—*presumptions, where evidence is not preserved on appeal.*  It will be presumed, on appeal, where the record does not show what evidence was introduced, that the court heard evidence sufficient to cover a variance of an improvement from the ordinance or supposed defects in the specification of the grade.

2. SAME—*two judgments for one special assessment on same property.*  The entry, at the same term, of two judgments of confirmation of an assessment on the same property will not reverse on appeal, as they will be treated as one judgment.

3. PUBLIC IMPROVEMENTS—*commissioners may estimate matters not named in ordinance.*  In estimating the cost of an improvement the commissioners may include matters not specifically mentioned in the ordinance therefor, if regarded as a necessary part of the improvement.

4. SAME—*default judgment does not bar other judgments on same assessment.*  A default judgment for assessments may be followed at a later term of court by a judgment on the same assessment roll against other property on behalf of which objections were made, under section 30, article 9, of the City and Village act, providing for trial of objections and defaults where objections are not filed. *Guild* v. *City of Chicago,* 82 Ill. 472, *Fagan* v. *City of Chicago,* 84 id. 227, and *People ex rel.* v. *Gary,* 105 id. 332, distinguished.

5. SAME—*recital in ordinance of repealed statute not fatal.*  That part of an ordinance for a special assessment which recites for its authority certain statutes which have been repealed, may be rejected

as surplusage, and the ordinance sustained as having been passed in pursuance of any enabling statute in force.

6. SAME—*failure of ordinance to properly apportion assessments—effect.* Failure of an ordinance for a special assessment to make the first installment include all fractional amounts, leaving the remaining installments equal in amount and multiples of $100, as required by the laws of 1893, (p. 78,) does not render the assessment void, and the objection will not be heard for the first time on appeal.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

OLAF E. RAY, DAVID G. ROBERTSON, and CHARLES S. McNETT, for plaintiffs in error:

It will be seen that there is nothing to indicate the grade of the pavement, hence the item of filling could not properly be determined from the ordinance by the commissioners appointed to make the estimate. *Levy* v. *Chicago,* 113 Ill. 652; *City of Sterling* v. *Galt,* 117 id. 12; *Railway Co.* v. *Jacksonville,* 114 id. 564; *Hyde Park* v. *Spencer,* 118 id. 446; *Kankakee* v. *Potter,* 119 id. 324.

An estimate for a local improvement, the nature, character, locality and description of which are not contained in the ordinance, is without authority, and invalid. *City of Sterling* v. *Galt,* 117 Ill. 11; *Kankakee* v. *Potter,* 119 id. 324.

If the commissioners can go beyond the ordinance and impose a tax for a small amount, they may do so where the amount might be larger. *Hyde Park* v. *Spencer,* 118 Ill. 446; *Jefferson* v. *Mount Vernon,* 145 id. 80; *Kankakee* v. *Potter,* 119 id. 324.

The entering of separate final judgment as to the property of the objectors herein, and ordering it certified to the city collector, was error. 1 Starr & Curtis, secs. 34, 35, art. 9, pp. 498, 499; *Browning* v. *Chicago,* 155 Ill. 314; *Fagan* v. *Chicago,* 84 id. 227; *People ex rel.* v. *Gary,* 105 id. 332; *Guild* v. *Chicago,* 82 id. 472.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is a writ of error to reverse a judgment of the county court of Cook county confirming a special assessment.

The ordinance under which the assessment was made provided for the paving of Kedzie avenue, from Palmer Place to North avenue, and it is first claimed that the ordinance is void because it does not sufficiently state the nature, character and description of the improvement, and that it does not appear that Kedzie avenue is in the city of Chicago. The point relied on here arose in *Stanton* v. *City of Chicago,* 154 Ill. 23, and the question was decided adversely to the position of plaintiffs in error. The decision in that case is conclusive here.

It is next claimed that there is nothing to indicate the grade of the improvement. The first section of the ordinance attached to the petition, which says, "Said pavement to be laid to conform to the grade of said ............ between said points," may be regarded as defective. The defect no doubt arose through a clerical mistake, but as there is no bill of exceptions in the record showing what evidence was introduced on the trial, it will be presumed that the court heard evidence sufficient to cure this supposed defect.

It is next claimed that the description of the proposed improvement is not in compliance with the ordinance. Whether there was a variance between the proposed improvement and the ordinance could only be determined from the evidence introduced on the hearing, and, as said before, as that evidence is not before us it will be presumed it showed that the proposed improvement conformed substantially to the requirements of the ordinance.

It is next claimed that the estimate of the cost of the improvement is void, because matters not provided for in the ordinance, viz., one item of $98 for grading and another item of $2184 for the adjustment of sewers, are

embraced in the ordinance. The ordinance provides for curbing, and the space between the curb-stones is to be filled, to within eleven inches of the grade of the pavement, with sand and clay, earth or gravel, well rolled until solid, and then paved with wooden blocks, etc. From this description of the improvement, as found in the ordinance, it is apparent that grading, and adjustment of sewers, might necessarily be regarded as a part and parcel of the improvement, and although they may not have been specifically mentioned, it was proper for the commissioners to take them into consideration in estimating the cost of the improvement. As said in *City of Kankakee* v. *Potter*, 119 Ill. 324: "It is not expected that an ordinance of this kind should set forth the details and all the particulars of the work. Indeed, this is not contemplated, and the statute requires nothing of the kind. A substantial compliance with its provisions is all that is required."

It is next claimed that the court erred in rendering two judgments of confirmation. It appears from the record that application for confirmation of the assessment was made at the December term, 1893, of the county court. On the second day of the term (December 12) plaintiffs in error appeared and filed objections to the confirmation of the assessment as to their property. On the 13th day of December, 1893, a default was entered, and judgment of confirmation of the assessment roll as to those properties for which no objections had been filed was rendered, and the court ordered the assessment roll certified, together with this judgment, to the city collector. The objections of plaintiffs in error were not reached in the court for a hearing until the February term, 1894. At this term, on February 7, a jury was impaneled, a hearing had and the issues submitted to a jury, who found in favor of the city. The objections were then all overruled, and judgment of confirmation entered as to the assessments against the property of the

objectors. It also appears from the record that after-
wards, on February 28, 1894, the court overruled a motion
for a new trial and again entered a judgment of con-
firmation as to the assessment on objectors' property.
For what reason the court entered two judgments of con-
firmation of the same assessment on the same property,
at the same term of court, does not appear, but while
the action of the court was irregular the plaintiffs in
error were in no manner injured, and hence cannot com-
plain. The two judgments of confirmation having been
entered at the same term, for but one assessment on the
same property, will be treated as but one judgment.

The only remaining question is whether the court
erred in entering two judgments of confirmation,—one
in default, at the December term, 1893, as to a portion of
the property assessed, and the other at the February
term, 1894, as to the property where objections had been
interposed and overruled.

Section 30, chapter 24, article 9, page 265, of Hurd's
Statutes, provides that at the term of court at which the
assessment roll may be filed for confirmation, "any per-
son interested in any real estate to be affected by such
assessment may appear and file objections to such report,
and the court may make such order in regard to the time
of filing such objections as may be made in cases at law
in regard to the time of filing pleas. As to all lots,
blocks, tracts and parcels of land to the assessment of
which objections are not filed within the time ordered by
the court default may be entered and the assessment
confirmed by the court." Under this section of the stat-
ute it is apparent that the court is authorized, where
there is no appearance by a lot owner or owners, as to
them to enter a default, and render judgment of confirma-
tion on the assessment as to his or their property; but
as to property where objection is interposed to a judg-
ment no judgment can be rendered until such time as the
court may be able, in the dispatch of business which may

be pending in court, to hear the objection and dispose of the same.   It may, and no doubt will, often occur that the court may be so occupied with other business that the objections cannot be reached for a hearing during that term.   In such case a continuance will be required until the next term.   Then a hearing may be had and the objections all overruled, and then follows a judgment of confirmation, as a matter of course, as to the property where objections were interposed.   The legislature had the power to authorize a judgment as to a part of the property at one term and a part at another term, and we think it is plain that under this section the power was conferred.   This view is confirmed by section 34, which declares :   "The judgment of the court shall have the effect of a several judgment as to each tract or parcel of land assessed, and any appeal from such judgment or writ of error shall not invalidate or delay the judgment except as to the property concerning which the appeal or writ of error is taken."   Suppose an assessment should be made on fifty tracts or lots of land, where each tract was owned by a different person.   The court enters a several judgment of confirmation as to each tract.   Forty-nine abide the judgment but one of the parties appeals. Finally the judgment as to the one appealing is reversed and the proceeding is remanded for another hearing.   On the second hearing the court finds that the assessment should be confirmed, and desires to enter a judgment of confirmation ; but if the position of plaintiffs in error is correct the court cannot enter such a judgment, for the reason that a prior judgment has been entered as to a part of the property, and it would be erroneous to enter more than one judgment as to all the property assessed. This illustrates fairly the fallacy of the position taken. Under the statute the judgment of confirmation as to each tract of land is a several judgment, and the fact that a judgment may be entered as to one or more tracts at one term of court, affords no reason why, at a subse-

quent term, a judgment may not be entered for the other tracts. Moreover, section 35 authorizes the clerk of the court in which the judgment is rendered, to certify the judgment of confirmation to the clerk of such city or village; but if there is an appeal or writ of error on any part of such judgment, then he shall certify such part of the judgment as is not included in such appeal or writ of error, and the clerk of the city or village·is required to file such certificate in his office and issue a warrant for the collection of such assessment. If but one judgment can be rendered as to all the property this section of the statute cannot be enforced, but will be rendered a nullity.

We have, however, been referred to *Guild* v. *City of Chicago*, 82 Ill. 472, as an authority supporting the view of plaintiffs in error. One point relied on in that case was, that the court erred in not awarding the appellant, Guild, a separate trial. In disposing of this question the court said (p. 482): "The language of section 34, article 9, taken in connection with prior sections relative to the proceedings on application for judgment, would seem to show that a single hearing and a single judgment, several in effect, was contemplated by the law." The above is what is relied on by plaintiffs in error, but as there was no question before the court in regard to rendering two judgments, what was said on that question was *obiter dictum*. The only question before the court was whether the appellant was entitled to a separate trial or whether he was bound to submit to a trial with the other property owners in the proceeding, and what was said on that question in the decision was authority, but what may have been said on other questions is not controlling.

*Fagan* v. *City of Chicago*, 84 Ill. 227, has also been cited as an authority. In that case the assessment embraced a large number of lots, and over one hundred persons filed objections to the assessment roll, and on the hearing

separate trials were asked and refused. The decision on that question was approved, the court holding that the statute did not contemplate a separate trial as to each objector, but all should be tried in one case, by the same jury. But the question involved here was not before the court and was not decided.

*People ex rel.* v. *Gary*, 105 Ill. 332, has also been cited. In that case, on application for a confirmation of an assessment against several lot owners, the question presented was, whether all the defendants might join in filing objections as one defendant, and whether the clerk was only entitled to demand one fee of $1.50 for all the defendants or whether he was entitled to $1.50 for each one. The court held that such a proceeding was but one suit, within the meaning of the statute relating to fees and salaries, although there may be many defendants. There may be expressions in the opinion favoring the view of plaintiffs in error, but the question there involved was so different from the one in this case that the decision does not control here.

The judgment of the county court will be affirmed.

*Judgment affirmed.*


Additional opinion on petition for rehearing:

Per CURIAM: This cause was submitted for decision by the parties at the October term, 1894, on briefs and arguments then filed. The case was examined and decided during that term of court, and the record was assigned to one of the judges to prepare an opinion. At the March term, 1895, on motion of plaintiffs in error, leave was granted to file a supplemental brief, but before this order was entered an opinion had been prepared, which, at a subsequent date, was read and approved by the court. The supplemental brief, although filed, was not brought to the attention of the court, and in the decision of the case no notice was taken of the point relied upon in that brief. A petition for a rehearing has been

filed, in which it is now urged that the judgment should be reversed on the ground relied upon in the supplemental brief, viz., that the assessment was void because it was made under the law of 1887, as amended in 1891, which was repealed by the act of 1893.

It is apparent from the record that the question now relied upon was not presented or passed upon in the county court. Indeed, the point was never suggested in argument until the supplemental brief of counsel was filed—six months after the case had been submitted for final decision. But, waiving the delay of counsel in failing to present the question at an earlier day, before entering upon a discussion of the question sought to be raised it becomes necessary to inquire whether the question has been raised by the record before us. If it has not, then, of course, it cannot be considered.

Section 4 of the ordinance providing for the improvement, passed October 16, 1893, provided as follows: "That said assessment shall be collected in installments, in accordance with the act of the General Assembly of the State of Illinois entitled 'An act to amend article 9 of an act entitled An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872, by adding thereto the following sections, as amended by the act of the General Assembly of the State of Illinois entitled 'An act to amend sections 55 and 63 of article 9 of an act entitled An act to provide for the incorporation of cities and villages,' approved April 10, 1872, as amended by an act entitled 'An act to amend article 9 of an act to provide for the incorporation of cities and villages, approved April 10, 1872, by adding thereto the following sections,' approved and in force April 29, 1887, approved June 15, 1891, in force July 1, 1891, and that the amount of the first of said installments shall be twenty per cent of the total of said installment."

There is no provision of the statute requiring an ordinance to set out the particular statute under which the

assessment shall be collected, and in the absence of such a statute all that part of the ordinance setting out the act after the word "Illinois," in the fifth line of the preceding paragraph, may be regarded as surplusage, and rejected. Rejecting that part of the ordinance which refers to the acts of 1887 and 1891, the ordinance would be one providing for the collection of the assessment in accordance with any law of the State which, at the time of the passage of the ordinance, was in force. The assessment was divided into five installments, and such a division was authorized by the act of 1893. It is true, the ordinance does not provide, as seems to be required by the act of 1893, that the assessment should be divided in such a manner that the first installment shall include all the fractional amounts, leaving each of the remaining installments equal in amount and multiples of $100. Nor did the division of the assessment made by the commissioners conform to that requirement of the statute. But, as we understand the record, neither of these irregularities was challenged or called in question by the objections interposed in the county court by plaintiffs in error, and if they failed to interpose the objections there, they cannot make the objections for the first time here. Upon the return of an assessment roll on the day provided for a hearing under section 144 of the Cities and Villages act, any person interested in any real estate to be affected by the assessment may appear and file objections to the report of the commissioners. Under section 147 of the same act the court, on the hearing of the objections interposed, may alter, modify, change, annul or confirm any assessment, or cause the same to be re-cast by the same commissioners, or by new commissioners appointed for that purpose. Under section 144, when the land owner appears, if he objects to the assessment he is required to point out in the objections filed the specific objections relied upon to defeat the assessment, so that amendments may be made removing the difficulty, if it is of a char-

acter to be removed by amendment, and objections not pointed out may be regarded as waived. Here plaintiffs in error appeared and filed eighteen objections, but no one of the objections was predicated on the failure of the commissioners to apportion the assessment in proportions as required by the act of 1893. The tenth objection, which is the only one relied upon in the argument to raise the question, is as follows: "Said assessment, and all proceedings therein, are void." What rendered it void? This objection affords no information on that subject. There is no suggestion that the commissioners failed to include in the first installment all the fractional amounts. The only difficulty with the assessment, and, indeed, the only objection that could be urged against it, is not named or mentioned in the objections. The objection last mentioned states that the assessment was void. But that was not correct. The mere fact that the commissioners, in dividing the entire amount of the assessment into five parts, failed to include in the first installment all the fractional amounts, leaving each of the remaining installments equal in amount and multiples of $100, did not render the assessment absolutely void. Had the proper objection been made, and the attention of the court directed to the fact that the fractional amounts were not included in the first installment, the court was fully authorized to change the assessment so that it might conform to the technical requirement of the law; hence the necessity of a specific objection pointing out a defect relied upon to defeat an assessment.

We think it plain that no one of the objections interposed to the assessment by the plaintiffs in error raised the question now relied upon, and the question now raised for the first time comes too late.

The petition for a rehearing will be denied.

*Rehearing denied.*