THOMAS F. FARRELL *et al.*

*v.*

THE TOWN OF WEST CHICAGO.

*Filed at Ottawa June 13, 1896.*

SPECIAL ASSESSMENTS—*for improvement of park boulevard cannot be divided into installments.* A town ordinance passed prior to the act of 1895, (Laws of 1895, p. 286,) for the improvement of a park boulevard in pursuance of the plans and estimates of the park commissioners, cannot provide that the assessment be divided into installments, with interest upon deferred payments. (*Culver* v. *People*, 161 Ill. 89, followed.)

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

GEORGE W. WILBUR, (N. A. PARTRIDGE, of counsel,) for plaintiffs in error.

H. S. MECARTNEY, for defendant in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is a proceeding for the improvement of Douglas boulevard instituted under the act of May 2, 1873, in regard to parks and boulevards. (2 Starr & Cur. Stat. 1708).

Having determined to improve that portion of Douglas boulevard extending east and west, and also that part of the north and south portion lying south of Colorado avenue, (or "Barry Point road,") the West Chicago Park Commissioners transmitted plans for such work to the authorities of the town of West Chicago, with a request for special assessment proceedings to pay the estimated cost. The town board passed an ordinance, the second section of which is as follows:

"Sec. 2. That said special assessment shall be divided into installments, and that the first of said installments shall be twenty per cent of the total amount of said assessment, and that the deferred installments shall bear interest at the rate of six per cent per annum, as provided by law."

The town filed a petition in the county court, asking that "said special assessment so to be made by such commissioners upon the contiguous property so fronting and abutting on said boulevard so to be improved, may be divided by the order of this court into installments, the first of which shall be twenty per cent of the total of said assessment so to be levied against each separate piece of property, lot or land, so abutting on said boulevard so to be improved, which installment of twenty per cent shall be due and payable on and after the date of confirmation of said special assessment, and that the remainder of the amounts so to be assessed shall be divided into four equal installments, payable annually thereafter."

Three commissioners were appointed, and an assessment roll was made and confirmed.

The judgment of confirmation "orders that said special tax shall be divided and payable by installments, the first of which installments shall be twenty per cent of the total amount of said special tax, and that the remaining portion of said special tax, after deducting said first installment, shall be divided into four equal annual in-

stallments, which installments shall be payable annually thereafter and collected in the same manner that other assessments are now collected; ·that each of said last mentioned four installments shall bear interest at the rate of six per cent per annum from the times and in the manner provided by law, and that the first above mentioned installment shall be due and payable from and after this date," etc.

The object of the present writ of error is to reverse the judgment of confirmation; and it is manifest that the judgment must be reversed, as it is invalid and unauthorized for the reasons stated in *Culver* v. *People,* 161 Ill. 89. The improvement here is the same as that mentioned in the *Culver case,* and the questions here involved are the same as those decided in that case. The decision there governs and disposes of the present case.

The judgment of the county court is accordingly reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*