MILO J. ANDREWS

v.

THE PEOPLE ex rel. Kochersperger, County Treasurer.

*Opinion filed April 21, 1898.*

1. SPECIAL ASSESSMENTS—*assessment presumed to have been made under existing statute.* An assessment ordinance need not set out the particular statute under which the assessment is to be collected, as it will be presumed that the assessment was made in accordance with any then existing statute which authorized it.

2. SAME—*assessment for drainage under act of 1885 cannot be divided into installments.* A special assessment for a drainage improvement constructed under an ordinance passed on the authority of the Drainage act of 1885 (Laws of 1885, p. 60,) cannot legally be divided into installments. (*City of Charleston* v. *Cadle,* 166 Ill. 487, followed.)

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

TAYLOR & MARTIN, for appellant.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered on August 2, 1897, by the county court of Cook county against the property of the appellant for the non-payment of the delinquent installment of a special assessment, which was levied for the purpose of paying for a system of main sewers, extending over and embracing a number of streets in the city of Chicago, and involving the creation of a drainage district in connection therewith.

The ordinance, providing for the improvement, was passed by the common council of the city on March 14, 1892. The first section of the ordinance describes the location of the system, dimensions, grades, general con-

struction, catch-basins, man-holes, house connéctions, etc. The second section describes certain territory,which is thereby created into and declared to be a drainage district for the purpose of the improvement mentioned in the first section. The third section directs that the cost of the improvement be defrayed by special assessment to be made and·levied in accordance with the provisions of article 9 of the City and Village act, approved April 10, 1872. The fourth section provides that the assessment shall be divided into and collected by installments in accordance with said City and Village act of April 10, 1872, as amended in 1887 and 1891, and that the amount of the first of said installments shall be twenty (20) per cent of the total assessment. (Hurd's Stat. 1895, pp. 286-288; Sess. Laws of 1887, p. 105; Sess. Laws of 1891, p. 82). By the fifth section three persons were appointed commissioners to estimate the cost of the improvement.

The report of the commissioners, presenting their estimate of the cost, was made and approved by the council on March 28, 1892. The order of the county court, confirming the assessment roll as to property for which no objections were filed, including the property of appellant, and entering default and judgment and directing the clerk to certify the assessment roll to the collector, was entered by the court on May 16, 1892. It thus appears that the assessment in the·case at bar was confirmed before the act of June 17, 1893, authorizing the division of special assessments in cities, towns and villages into installments and the issue of bonds to anticipate the collection of the deferred installments, went into effect. (Hurd's Stat. 1895, p. 288; Sess. Laws of 1893, p. 78).

Upon the application of the collector for judgment and order of sale, appellant filed objections, which were overruled; and exception was taken to the action of the court in overruling the objections. The main objection relied upon, is that the ordinance above mentioned was invalid, because it provided for the division of the assess-

ment into installments when there was no law authorizing such division. The objection was a valid one, and the county court erred in not sustaining it.

The ordinance here was passed under and in pursuance of the act of 1885 entitled "An act to vest the corporate authorities of cities and villages with power to construct, maintain and keep in repair drains, ditches, levees, dykes, etc., by special assessment upon the property benefited thereby." (Hurd's Stat. 1895, p. 328; Sess. Laws of 1885, p. 60; *Village of Hyde Park* v. *Spencer*, 118 Ill. 446; *Rich* v. *City of Chicago*, 152 id. 18). It is true, that the ordinance itself does not expressly refer to the act of 1885 as being the authority under which it proceeds to create a drainage district. But it is not necessary that an ordinance shall set out the particular statute, under which the assessment, ordered by it, is to be collected. The assessment named in the ordinance will be presumed to be made in accordance with any existing statute, which authorizes it. (*Delamater* v. *City of Chicago*, 158 Ill. 575). The act of 1885 was the only act, which authorized the creation of such a drainage district as is created by the second section of the present ordinance, so far as we are advised. If any such act, other than that of 1885, existed at the time this ordinance was passed, counsel for appellee have failed to point it out to us.

Inasmuch, then, as the drainage district, created by the ordinance, must be held to have been so created under the act of 1885, we must look to that act to see if any authority was therein given for dividing the assessment into installments. Section 3 of the act of 1885 provides, that "all the proceedings for the making of the improvements in this act mentioned, and for the maintenance and repair thereof, and for the levy and collection of the special assessments to defray the cost of the same, shall be in accordance with the provisions of article 9 of the general act for the incorporation of cities and villages, approved April 10, 1872." (*Village of Hyde Park* v. *Spencer*,

118 Ill. 446).    It is conceded, that article 9 in 1885 contained no provision for the division of an assessment into installments.    If the acts of 1887 and 1891, above referred to, which authorized such division into installments, be regarded as amendments to article 9, it cannot be said that section 3 of the act of 1885 authorized the special assessments therein provided for to be levied and collected in accordance with such amendments.    To so hold would be to contravene the general rule, that an act, which adopts by reference the whole or a portion of another statute, means the law as existing at the time of the adoption, and does not include subsequent additions or modifications of the statute so adopted, unless it does so by express or strongly implied intent.    This rule of statutory construction, as announced in *Culver* v. *People*, 161 Ill. 89, has been adopted in the following cases:    *Farrell* v. *Town of West Chicago*, 162 Ill. 280; *Connor* v. *Town of West Chicago*, id. 287; *White* v. *Town of West Chicago*, 164 id. 196; *People* v. *Eggers*, id. 515; *City of Charleston* v. *Cadle*, 166 id. 487.

In the case of *City of Charleston* v. *Cadle, supra*, the ordinance there under discussion was passed under this same act of 1885, and provided that the special assessment should be divided into installments, and it was there held that the provision, so authorizing the division of the assessment into installments, rendered the ordinance void, because the City and Village act of 1872, when the third section of the act of 1885 was adopted, did not authorize the assessment to be divided into installments.    In the *Cadle case* we said (p. 489): "The same question involved here arose in *Culver* v. *People*, 161 Ill. 89.    *    *    *    It was there contended, as it is here, that the petitioner was entitled to claim the benefits of the amendments of the act of 1872, passed by the legislature in 1887 and 1891, but the court held that the third section of the act of 1873, which adopted the provisions of the act of 1872, only adopted the law as it existed at that time and did not

include subsequent additions or modifications of the stat-
ute.   The decision in that case is conclusive of the ques-
tion here presented." It was also contended in the *Cadle
case*, as it is contended here, that the act of 1893, (Laws
of 1893, p. 78), providing for the collection of assessments
in installments, might be regarded as an amendment of
the act of 1885, and, being such, as authority for dividing
the assessments into installments, but such contention
was there held to be without force, the language used by
the court being: "If, therefore, the act of 1893 was merely
an amendment of article 9, as held, it is clear that, under
the authority of the *Culver case*, it had no effect on the
Drainage act of 1885."

Indeed, the case of *City of Charleston* v. *Cadle, supra*,
is precisely applicable to the case at bar, and disposes
of the question here involved.   This case is governed by
the decision in that case.

Accordingly, the judgment of the county court is re-
versed, and the cause is remanded to that court for fur-
ther proceedings in accordance with the views herein
expressed.                          *Reversed and remanded.*