WILLIAM J. HYNES

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898.*

1. SPECIAL ASSESSMENTS—*ordinance for sewer need not specify thickness of vitrified tile-pipe.* An ordinance for the construction of a sewer of vitrified tile-pipe of a certain internal diameter need not specify the thickness of the pipe, as such description would be understood to call for the ordinary and usual vitrified tile-pipe of a standard thickness, recognized by manufacturers as necessary for a pipe of the given internal diameter.

2. The court holds that the ordinance involved in this case sets forth the nature, character, locality and description of the proposed improvement with reasonable certainty.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

GEORGE GILLETTE, (E. R. BLISS, of counsel,) for appellant.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county rendered on the 14th day of April, 1898, confirming a special assessment for the construction of a brick and vitrified tile-pipe sewer in Madison avenue from Sixty-third to Sixtieth street, and in an alley north of and adjoining the right of way of the Illinois Central Railroad Company, from Madison avenue to Washington avenue.

Proceedings were instituted under an act concerning local improvements, approved June 14, 1897. Objections to the confirmation of the assessment were filed, and a jury was waived and the cause submitted to the court. No evidence was offered on behalf of appellant in sup-

port of objections triable by a jury. The legal objections were overruled and the court entered a judgment of confirmation. The contention of the appellant here is, the court erred in overruling legal objections; that the ordinance providing for the making of the improvement does not specify the nature, character, locality and description of the proposed improvement, as required by law, in this: that the ordinance does not designate or specify the thickness of the vitrified tile-pipe.

The ordinance provides that the sewer, from its connection with the sewer in Sixty-third street to a point one hundred and forty feet north of the north line of that street, shall be constructed of vitrified tile-pipe of eighteen inches internal diameter, and thence to its terminus, at a point eight feet south of the south line of Sixtieth street, shall be cylindrical in shape and shall be two feet internal diameter, and constructed of sewer brick, with a double ring invert and a singe arch; that a vitrified tile-pipe sewer, twelve inches internal diameter, shall be constructed in the alley, etc. This ordinance describes the nature, character, locality and description of the proposed improvement with reasonable certainty, and is valid. *Delamater* v. *City of Chicago,* 158 Ill. 575; *Vane* v. *City of Evanston,* 150 id. 616; *City of Kankakee* v. *Potter,* 119 id. 324; *Adams County* v. *City of Quincy,* 130 id. 566; *Woods* v. *City of Chicago,* 135 id. 582; *Kimble* v. *City of Peoria,* 140 id. 157; *Otis* v. *City of Chicago,* 161 id. 199; *Cass* v. *People,* 166 id. 126; *Pearce* v. *Village of Hyde Park,* 126 id. 287.

The objection most seriously insisted upon is, that the ordinance does not describe the thickness of the vitrified tile-pipe to be used. It is a well known fact that factories manufacturing that character of tile-pipe manufacture a standard thickness of sewer-pipe. If the size were changed by every ordinance, requiring new models or plans for the making of the tile, it would greatly add to its cost and subserve no good purpose. The ordinary and usual tile-pipe as used in commerce and trade, of a

standard thickness as recognized by manufacturers, would be included in the term "vitrified tile-pipe," as its thickness is usually determined by its internal dimensions. It would be wholly unnecessary to give the external dimensions of the tile-pipe, as insisted upon by appellant, as well as the internal diameter.

The judgment of the county court is affirmed.

*Judgment affirmed.*