· DENNIS SHEEDY

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 17, 1906.*

1. SPECIAL ASSESSMENTS—*property omitted is presumed not to be benefited.* The presumption arising from the report of the superintendent of special assessments as to a proposed sewer district is that property omitted from the district will not be benefited, and this presumption is not overcome by the mere fact that the omitted property abuts upon the line of the proposed improvement.

2. SAME—*fact that ordinance provides for a house-slant in front of lot does not show that lot will be benefited.* The fact that a sewer ordinance provides for a house-slant to be placed in front of a certain lot is not conclusive of the fact that such lot will be benefited, and if the superintendent of special assessments, when he investigates the territory of the district, finds that the lot will not be benefited it is his duty not to assess it.

3. SAME—*parts of unsubdivided tract cannot be omitted from assessment if other parts are benefited.* If parts of an unsubdivided tract of land will be benefited by a proposed sewer but other parts will not be benefited the whole tract should be assessed, since it can not be arbitrarily divided for the purpose of assessment; but the fact that certain parts will not be benefited should be considered in determining the equitable portion of the assessment to be borne by the entire tract.

4. SAME—*what not ground for including land in district.* The fact that an unsubdivided tract of land is assessed in its entirety for a proposed sewer does not, of itself, show that certain lots lying opposite the extremities of the unsubdivided tract, upon the other side of the street, should have been included in the district and assessed for the improvement.

5. SAME—*ordinance need not specify thickness of house-slants.* A sewer ordinance providing for house-slants of vitrified tile-pipe of a certain internal diameter to be placed at regular intervals need not specify the thickness of such slants.

6. EVIDENCE—*when maps and plats do not show length of sewer.* Maps and plats showing the distance between the inner street lines of the streets in which a sewer has its termini but which do not show the distance which the sewer projects beyond such street lines, the location of the sewer in such streets not appearing therefrom, do not show the length of the sewer.

7. TRIAL—*when refusal to adjourn trial is proper.* Refusal to adjourn the hearing of a sewer assessment case until the objector could measure the sewer is proper, where no reason is shown why the measurement was not taken before the trial and no suggestion was made before entering upon the hearing that the objector was not then prepared to present his evidence on that question.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

CUNNINGHAM & CUNNINGHAM, for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment for the construction of a vitrified tile-pipe sewer in North Avers avenue, to extend from a sewer in West George street to a sewer in West Diversey avenue, in the city of Chicago. The ordinance for the improvement provided that the internal diameter of the sewer should be twelve inches, and that one house connecting slant of vitrified tile-pipe of six inches internal diameter should be placed in each side of the sewer opposite each twenty-five feet of land fronting or abutting upon said North Avers avenue between said points. The superintendent of special assessments, who was directed by the county court to make and return an assessment of the cost of the

improvement, found the district that would be benefited by
the sewer to be as indicated by the heavy lines on the follow-
ing plat:

The land included in the benefited district lying west of
North Avers avenue belongs to appellant. It is unimproved
and unsubdivided, and is used principally for grazing pur-

poses. The land on the east side is divided into lots, and six of the lots in the benefited district are improved with houses. The engineer of the board of local improvements estimated the cost of the improvement at $1025.50. The superintendent of special assessments assessed $532.15 of this amount against appellant's land on the west side, and the balance, $493.35, against the lots in the benefited district on the east side of North Avers avenue. Lots 29 to 45, inclusive, were each assessed $28.55, while the twenty-six-foot lot at the south end of the district on the east side of North Avers avenue was assessed $8. Of the land east of the improvement, as shown on the above plat, lot 46 at the north end, and the tract at the south end (including a part of the sixteen-foot strip which appears to be an alley) designated on the plat as "Land D," and hereinafter referred to by that description, were not included in the benefited district and were not assessed for the improvement.

The parties waived a jury, and the question of benefits to appellant's land, as well as appellant's legal objections, were submitted to the court. The legal objections were overruled, but the court found that appellant's land had been assessed more than its proportionate share of the cost of the improvement, and reduced the assessment thereon $38.80, thus making the assessment against appellant's land the same in amount as the aggregate assessments against the lots included in the benefited district on the east side of North Avers avenue.

It is first urged by appellant that lot 46 and Land D were improperly omitted from the assessment. Appellant offered no evidence to show that either of those tracts of land would be benefited by the improvement, but insisted in the county court, and contends here, that it is self-evident that they will be benefited.

The presumption arising from the report of the superintendent of special assessments is that the omitted property will not be benefited, (*Allen* v. *City of Chicago,* 176 Ill.

113,) and this presumption is not overcome by the fact that lot 46 abuts on the proposed improvement. *Chicago, Rock Island and Pacific Railway Co.* v. *City of Chicago,* 139 Ill. 573; *Holdom* v. *City of Chicago,* 169 id. 109.

It is said, however, that as house-slants are to be placed in the sewer in front of lot 46, that lot will necessarily be benefited the same as any other lot or tract of land abutting on the sewer. The ordinance providing for house-slants in front of lot 46 was necessarily passed before the superintendent of special assessments had investigated the territory in the vicinity of the proposed improvement and determined and reported what property would be benefited thereby. That officer was not authorized by statute to assess any property that would not in fact be benefited by the improvement. If he found that lot 46 already had access to a sewer, or that for any other reason the sewer in North Avers avenue would not benefit that lot, it was his duty, under the law, to omit it from his report of the district that would be benefited by the proposed sewer, notwithstanding the fact that the city council had provided for house-slants in front of such lot on the supposition that the sewer would be a benefit to it.

It is further urged that inasmuch as the north thirty-four feet and the south one hundred and forty-one feet of appellant's land are included in the benefited district and are assessed for the improvement, it necessarily follows that the north thirty-four feet and the south one hundred and forty-one feet on the east side of the improvement should have been included in the benefited district and should have been assessed, because they are similarly located with regard to the sewer. The omitted tracts of land on the east side, of which complaint is made, appear to be distinct and independent and do not constitute parts of any other tract. On the other hand, the north thirty-four feet and the south one hundred and forty-one feet of land on the west side are parts of a larger tract, and in order to omit them from the benefited district it would have been necessary to have made an imaginary and

arbitrary subdivision, at least in part, of the larger tract to correspond with the subdivision on the east side. This the superintendent of assessments had no authority to do for the purpose of making the assessment. (*Cram* v. *City of Chicago,* 139 Ill. 265; *People* v. *Cook,* 180 id. 341.) It was his duty, under the statute, to assess each lot, block, tract or parcel of land which he found would be benefited by the improvement, by its legal description as one tract, without attempting to divide it into smaller tracts to correspond with some legal existing subdivision of other property that was included in the benefited district. If the officer making the assessment had found that appellant's land was already supplied with ample sewer connections he should have excluded the entire tract from the benefited district. If he found that only part of the tract had been theretofore supplied with sewer connections and that other parts would be benefited by the improvement, then it was proper to assess the entire tract; but the fact that a part had access to an existing sewer should have been taken into consideration in determining the benefits to the entire tract and in determining the equitable proportion of the cost of the improvement that should be assessed against the entire tract. In view of what we have above said, it is apparent that the fact that the north thirty-four feet and the south one hundred and forty-one feet of appellant's land are included in the benefited district is, of itself, no reason for including lot 46 and Land D in such district.

It follows that appellant having failed to show by evidence that lot 46 and Land D would be benefited by the proposed sewer, the court properly refused to order a re-casting of the assessment or to change the boundaries of the district that the superintendent of special assessments reported would be benefited by the sewer, so that lot 46 and Land D would be included therein.

Appellant next contends that the ordinance providing for the improvement is void because it does not specify the thickness of the house-slants to be used in the improvement, by

which is meant the thickness of the wall of the tile forming
the slant. Witnesses for the city of Chicago testified that
house-slants, as used in that city, are of uniform thickness,
varying only with the size of the sewer pipe. A house-slant
is merely a "Y" on the sewer pipe and of the same thickness
as the pipe. When an ordinance provides for house-slants
for a sewer pipe of a specified internal diameter, it is neces-
sarily understood, in the absence of any further specifications
as to dimensions, as requiring house-slants of that thickness
which is ordinarily used with sewer pipes of the specified in-
ternal diameter. The ordinance is not subject to the objec-
tion urged against it. *Hynes* v. *City of Chicago,* 175 Ill. 56.

The cost of the improvement was estimated upon the
basis that the sewer is to be 670 feet in length. Appellant
objected in the county court that the sewer is, in fact, to be
but 666 feet in length, and here contends that a plat prepared
by direction of the court for another purpose sustains his
objection. The plat referred to gives the dimensions of the
lots abutting on the improvement on the east side, and from
these dimensions it appears that the distance between the
south line of West George street and the north line of West
Diversey avenue is 600 feet. The plat does not show the lo-
cation of the sewer in West George street or that in West
Diversey avenue, with which the sewer in question is to con-
nect. In order to find from this plat that the length of the
sewer is to be 666 feet, it is necessary to assume that the dis-
tance between the sewer in West George street and the south
line of that street added to the distance between the sewer in
West Diversey avenue and the north line of that avenue
gives a total of 66 feet. It is as reasonable to presume that
such total is 70 feet. The length of the sewer, therefore, can
not be ascertained from this plat.

Two maps were offered in evidence by appellant for the
purpose of proving that the distance between the termini
of the sewer is 666 feet. They were properly refused, for
the reason that the distance could not be determined from

either because of the same deficiency pointed out in the plat last above referred to.

. During the hearing below, appellant requested the court to adjourn the trial so that appellant could measure the distance between the termini of the proposed sewer. This the court refused to do. Appellant showed no reason for his failure to make such measurement before the case was called for trial, nor did he suggest to the court before entering upon the trial that he was not then prepared to present his evidence on this issue. The court, therefore, did not err in refusing to adjourn the trial.

It is further said that an arbitrary and unreasonable subdivision of appellant's property was made for the purpose of this assessment. This complaint is based upon the fact that the court, during the course of the trial below, caused a plat to be made of an imaginary subdivision of appellant's land to correspond with the subdivision on the east side of North Avers avenue. This plat was made merely for the convenience of the court in considering the objections. The property had been assessed before the plat was made, and the validity of the assessment was not affected by the drawing.

One of the witnesses for the city, who had testified on direct examination solely as to the value of appellant's property and the amount which that property would be benefited by the improvement, was asked, on cross-examination by appellant, whether the city would be benefited by the improvement. An objection interposed to this question was properly sustained by the court, as it did not relate to anything testified to by the witness upon his examination in chief.

Other objections are urged. We have considered each of them and find they are without merit. We will not lengthen this opinion by a discussion thereof.

The judgment of the county court of Cook county will be affirmed.                    *Judgment affirmed.*