GEORGANNA PETERS

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1901.*

| 192  | 437  |
| 197  | ¹313 |
| 192  | ˙437 |
| e202 | ¹21  |
| 202  | ¹539 |

1. SPECIAL ASSESSMENTS—*all details of work need not be stated in the description.* While an improvement ordinance must comply substantially with the requirements of the statute concerning the description, yet it is not essential that all the details of the work should be stated.

2. SAME—*when description of size and manner of constructing sewer is sufficient.* An ordinance providing for a sewer which shall be "cylindrical in shape, shall be two feet internal diameter and constructed with a single ring of sewer brick laid edgewise," is sufficiently certain in its description of the thickness of the sewer wall, the manner of laying the bricks and their size and quality.

WRIT OF ERROR to the County Court of Cook county; the Hon. RUSSELL P. GOODWIN, Judge, presiding.

MORSE IVES, for plaintiff in error.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM M. PINDELL, for defendant in error.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the county court of Cook county to reverse a judgment affirming a special assessment for construction of a sewer in the city of Chicago.

The only ground of reversal urged is, that the ordinance fails to set out the nature, character, locality and description of the proposed improvement, its language in that regard being as follows: "Said sewer in Railroad avenue shall be cylindrical in shape, shall be two feet internal diameter and constructed with a single ring of sewer brick laid edgewise. Said sewer in North Forty-seventh avenue shall be cylindrical in shape, shall be two feet internal diameter and constructed with a single ring of sewer brick laid edgewise from its connection with said sewer in Railroad avenue to the center line of West Sunnyside avenue, and the remainder of said sewer shall be constructed of vitrified tile pipe of twelve inches internal diameter." The objection is, that it fails to state how thick the wall of the sewer shall be and how the bricks are to be laid, or what their size or quality shall be, the only description being, "a single ring of sewer brick laid edgewise."

We have many times decided that while an ordinance for a local improvement must conform to the statute as to a description of the improvement, a substantial compliance with the statutory provision is all that is necessary. It is not essential that the details and all the particulars of the work should be stated. The object of the statute is to enable the parties to intelligently estimate the cost of the work, and also to afford parties interested the opportunity of judging whether the improvement is made according to the requirements of the ordinance. We need not go to a lexicographer to ascertain the generally accepted meaning of the word "brick." Among builders and mechanics a brick is understood to be eight inches in length, four inches in width and two

inches in thickness, and where an ordinance simply describes the material out of which an improvement shall be made, as of brick, paving brick or sewer brick, every one will understand it means brick of the ordinary dimensions and of the best quality for that particular structure.

The contention that the manner in which the ring of the sewer shall be laid is uncertain, we think is hypercritical. No two mechanics, or even persons of ordinary observation, could have different understandings as to how a "single ring of sewer brick laid edgewise" should be placed to form the walls of a cylindrical sewer of two feet internal diameter. It clearly means that the brick are to be laid edgewise in a ring or circle, and can, unexplained, mean nothing else.

We think the ordinance free from the objections urged. The judgment of the county court will be affirmed.

*Judgment affirmed.*