MURRY NELSON *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 16, 1902.*

1. SPECIAL ASSESSMENTS—*court has power to inquire whether division of improvement into sections was to evade the statute.* Courts may inquire whether the division of the improvement of a single street into sections, each costing less than $100,000 but aggregating more than that sum, was made to evade section 11 of the act of 1897, requiring proposed ordinances carrying $100,000 to be referred to a committee and published in full.

2. SAME—*ordinances dividing improvement to evade statute are void.* If no adequate cause is shown for dividing a single improvement into sections, each costing less than $100,000 but aggregating more than that sum, the ordinances are void, where they are all adopted at the same time and upon the night they were presented by the board, and each provides for the same kind of improvement on the same street, but for different, adjoining sections thereof.

APPEAL from the County Court of Cook county; the Hon. GEORGE K. INGHAM, Judge, presiding.

MASON & NOYES, for appellants.

EDGAR B. TOLMAN, and ROBERT REDFIELD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment against the lands of appellants for the improvement of Archer avenue, in the city of Chicago, from the center line of South Ashland avenue to the east line of Western avenue boulevard, by curbing the same with granite concrete combined curb and gutter and grading and paving the street with asphalt on six inches of artificial hydraulic cement concrete.

It appears that the city council of Chicago at the same session passed three ordinances for improving Archer avenue a distance of about four miles. These ordinances

each provide for the same kind of an improvement, the first one being for the improvement of Archer avenue from State street to Stewart avenue, at a total estimated cost of $36,000; the second, from Stewart avenue to Ashland avenue, at an estimated cost of $98,500; and the third, from Ashland avenue to Western avenue boulevard, at an estimated cost of $72,000, the latter being the ordinance now before us. The cost of these three improvements, or of any two of them, exceeds $100,000. It is contended for appellants that this was an attempt of the city council to evade the provisions of section 11 of the act of 1897 in regard to local improvements, which is as follows: "Upon the presentation to the common council or board of trustees of such proposed ordinance, together with such recommendation and estimate, if the said estimate of cost shall exceed the sum of one hundred thousand dollars ($100,000), (exclusive of the amount to be paid for land to be taken or damaged,) such ordinance shall be referred to the proper committee and published in the proceedings of the council or board of trustees, in the usual way, in full, with the recommendation and estimates, at least one week before any action shall be taken thereon by the council or board of trustees." (Hurd's Stat. 1899, p. 364.) None of these ordinances was referred to a committee or published, as provided in the above section, but all were passed by the council on the evening of the same day they were presented by the board of local improvements.

Appellants insist that the dividing up of the improvement of Archer avenue into three sections shows on the face of it that it was done to evade the provisions of the statute above quoted. It is said that all the facts and circumstances show that these three ordinances, passed as they were, should be read and construed together as one entire scheme. On the hearing of this objection in the court below the court, on its own motion, called as a witness the superintendent of special assessments and in-

quired into the reasons of the board of local improvements for thus dividing the improvement of Archer avenue into sections. His answer was, that the public benefits in the different portions of the street were different, amounting to forty or forty-two per cent in the first section and to about fifteen per cent in the other two sections. On being asked why the part on which the public benefit was fifteen per cent was divided into two sections, he answered that this simply happened so in the usual course of doing business in the board. Appellants objected to the admission of this testimony, on the ground that it threw no light on the action of the city council, and that it would be improper and irrelevant to inquire into the motives of the council in passing these ordinances as they did. The court made the record show that he asked for this testimony for his own personal information. No evidence was offered by appellants on this subject.

In support of the action dividing the improvement of Archer avenue into three sections, it is urged by the appellee that the subject matter of each ordinance was different from the others, the territory covered by each being entirely different; that each ordinance was entirely independent of the others, and that the character of the property and the public benefit are different in each ordinance. It is also urged that the municipal authorities are the sole and only judges of the necessity for and of the mode, manner and extent of a proposed improvement.

That it was the object of the legislature in passing the Local Improvement act of 1897 to provide additional safeguards for the protection of the interests of the property owners is evident from an inspection of the act itself and of the statutes it superseded. Provisions were introduced for the property owners to be heard before the board of local improvements as a preliminary step in the proceeding, which is one of the important provisions of the act not contained in former statutes, (*Givins* v. *City of Chicago*, 188 Ill. 348,) and we have no doubt that notice of

such hearing must be given and that it is jurisdictional. As a further safeguard, it is provided that when the estimated cost of the improvement exceeds $100,000 the ordinance shall be referred by the council to the proper committee and published in the proceedings of the council in full, with the recommendations and estimates, at least one week before action is taken thereon. There can be no other reason assigned for this provision than that it was enacted to prevent hasty action, and to give to the public and the property owner an opportunity to obtain full and specific information concerning the proposed improvement and of the terms of the ordinance before the ordinance is passed. While it is true that the council is finally the sole judge of the mode or manner to be adopted in making a public improvement and of the extent of such improvement, still, that does not preclude an inquiry by the courts whether in prescribing, by ordinance, such mode, manner and extent, the requirements of the statute have been complied with. If the statute above quoted can be evaded by dividing this improvement, costing upwards of $200,000, into three sections, each falling within the $100,000 limit, as was done in this case, it can be evaded in every other case and rendered wholly nugatory.

As before said, the city council is the judge, subject to the provisions of the statute, of the extent of the improvement to be provided for by the ordinance, and may, of course, provide for different improvements by different ordinances passed at the same session; but if, in reality, the improvements proposed are but a single one and exceed in cost $100,000, it is a proper subject of inquiry by the courts whether such division was or was not made to evade the statute; and in order to arrive at the solution of the inquiry it is proper to examine the separate ordinances covering the improvement or improvements, the estimates, the assessment roll, and all other documents, records and proceedings in the case which throw light

on the question. To do this would not involve an inquiry into the motives of the city council, but would only involve the determination of the question as to the object and purpose of the division, respecting the question whether it was or was not an evasion of the statute. (*Ligare* v. *City of Chicago*, 139 Ill. 46.) In the case at bar the improvements, as provided for in the three ordinances, were in reality but one improvement and of a part of one street. The nature and character of the improvements and the materials to be used, provided for in the three ordinances, were the same, and without attempting to lay down any general rule applicable to all cases involving this question, it is sufficient to say that the record shows that there was no adequate cause for the division of this improvement into three separate ones, and that the only apparent purpose was to evade the statute requiring reference to a committee, postponement of action for one week and publication in full in the proceedings of the council. Substantially the same views were expressed in *Kerfoot* v. *City of Chicago*, 195 Ill. 229.

We are of the opinion that the ordinance is void, and it must be so held and the judgment reversed.

*Judgment reversed.*