CHARLES H. SMYTHE *et al.*

*v.*

THE CITY OF CHICAGO.

197 | 311
202 | 1539

*Opinion filed June 19, 1902.*

1. SPECIAL ASSESSMENTS—*when a description as to bottom of catch-basins is sufficient.* An ordinance providing that catch-basins shall rest upon a solid bottom of two-inch oak plank strongly spiked to cross-planks firmly imbedded, is sufficient in its description of the bed without stating the material or dimensions of the cross-planks or the material in which they are to be imbedded.

2. SAME—*when a provision for house-slants is sufficiently certain.* A provision in an ordinance for one house-slant six inches in diameter opposite each lot, piece or parcel of land is sufficiently certain as to the number required without describing such lots or pieces.

3. SAME—*when provision for house-slants is not unreasonable.* A provision in an ordinance for one house-slant to be put in the sewer opposite each tract of land is not unreasonable or oppressive.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

Louis L. Dent, and Taylor & Martin, for appellants.

Robert Redfield, (Charles M. Walker, Corporation Counsel, and Edgar Bronson Tolman, of counsel,) for appellee.

Mr. Justice Carter delivered the opinion of the court:

On this appeal from the judgment of confirmation, appellants insist that the county court erred in overruling each of four of their objections.

The improvement provided for is a system of sewers, to be constructed of brick and vitrified tile-pipe, in West One Hundred and Thirteenth street from Wentworth avenue to Stewart avenue, in Yale street, and on Princeton and Howard avenues. The ordinance provided that the walls of the catch-basins should be eight inches thick, resting on a solid bottom of two-inch oak plank strongly spiked to cross-planks firmly imbedded, and the first objection is that the ordinance does not state the dimensions of these cross-planks, nor the kind of wood, nor the material in which or the depth to which they are to be imbedded. It appears from the size of the basins given that these cross-planks necessarily would be four feet long, and as shown by the evidence of the engineer, treating them as of the same kind and dimensions as the two-inch planks, they would cost for the entire work about two dollars. We think the statute does not require that the ordinance shall specify such minute details of the work. As well might it be said that the ordinance is defective because it does not state specifically in what manner the two-inch oak planks shall be strongly spiked to the cross-planks, or what kind of spikes, and how many, must be used. The planks are to be strongly spiked and the cross-planks firmly imbedded. This is sufficient. In *Village of Hinsdale* v. *Shannon,* 182 Ill. 312, we said (p. 314): "It is further contended by appellee

that the ordinance for the catch-basins, after giving the size, material and manner of construction, provides they shall be built upon a bottom of two-inch pine planks firmly spiked to imbedded stringers, and it is urged that because the stringers are not described the ordinance is void. It is not contemplated by the statute that an ordinance of this kind should set forth all the details of the work to the extent as sought to be raised by this objection. Such a construction would be so narrow and hypercritical that it would, in effect, prevent all improvements by special assessment, and such an objection cannot be sustained." See, also, *Peters* v. *City of Chicago*, 192 Ill. 437.

The second objection is, that the ordinance provides that one house-slant six inches in diameter shall be placed in said sewer opposite each lot, piece or parcel of land abutting upon the streets, but fails to describe any such lot, piece or parcel of land, so as to enable bidders to determine how many of such house-slants would be required. We also regard this objection as too hypercritical. Any one desiring to obtain the contract to construct the sewer could easily ascertain and count the lots, pieces and parcels of land abutting on the street to be sewered. It is not contended that these lots, pieces and parcels of land are not sufficiently described in the assessment roll, but only they are not sufficiently described in the ordinance, or in any map or plat referred to by the ordinance.

The third objection is, that the ordinance is unreasonable and oppressive in requiring house-slants to be put in the sewer at every lot, piece or parcel of land. It appears that these house-slants are nothing more than four-inch extensions or side projections opening into the main sewer, to enable future connections to be made without injury to the sewer and at the least expense. We see nothing unreasonable or oppressive in this provision. Nor does it have the effect, as contended, of subdividing the abutting property. This would seem to be

too plain for argument; and besides, the question has been settled in the case of *Vandersyde* v. *People*, 195 Ill. 200. Then, again, this ordinance provides for only one house-slant for each lot, piece or parcel of abutting land, and not, as was provided in other cases referred to, for a house-slant for every twenty feet.

The fourth and last contention is, that the district formed and bounded by the ordinance did not contain all of the land that would be drained and benefited by the improvement. All of these objections had been heard and overruled at a previous stage of the case. The question of benefits came on for trial before the court and a jury. The parties waived trial by jury and went to a hearing on that question, submitted the evidence before the court, and it was then that the appellants moved the court to set aside its previous order and to hear evidence to the effect that the board of local improvements by mistake omitted from the district, as formed, said territory which appellants claimed would be benefited and should be included. In support of their motion appellants offered to prove that the engineer himself, because of his mistake as to the boundaries of the city, had failed to include the omitted territory in his report, and that the board, following the survey and report, made the same mistake, and appellants insist that it was the duty of the court to have such mistake corrected. It was not error for the court to refuse to set aside its former order and re-open questions which had been previously heard and decided. The ordinance limited the right to connect with the sewer to the owners of the lands included in the district as formed and to be assessed, and it is difficult to see how appellants are injured by the action of the court. At all events, there was no sufficient showing made which would have justified the court in granting the motion.

Finding no error in the record the judgment will be affirmed.                    *Judgment affirmed.*