W. D. WASHBURN

*v.*

THE CITY OF CHICAGO.

*Opinion re-filed April 24, 1903.*

SPECIAL ASSESSMENTS—*when description of hydrants, supply-pipes, etc., is uncertain.* Description of fire hydrants, crosses, tees and supply-pipes as "city of Chicago standard" is insufficient, even though the internal diameter of the pipes and the weight per foot are given, where there is no proof that the description has a well known and accepted local meaning, and there is no reference in the ordinance to any particular existing hydrant or pipe of the "city of Chicago standard."

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

GEORGE A. MASON, (W. D. WASHBURN, of counsel,) for appellant.

ROBERT REDFIELD, (CHARLES M. WALKER, Corporation Counsel, and EDGAR B. TOLMAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a special assessment proceeding to defray the cost of a water supply-pipe, with connecting hydrants, valves and brick hydrant and valve-basins, to be placed in West One Hundred and Seventh street from Michigan avenue to Wentworth avenue, in the city of Chicago. Appellant is the owner of a tract of five acres on the north side of said street, with a frontage thereon of 1254 feet, and described as the south half of lot 32, and another tract of ten acres on the opposite side of the street, with the same frontage, and described as lot 33. These tracts are used for truck farming, and were assessed $950.96 each, or $1901.92 in the aggregate. Appellant

appeared and filed objections to the ordinance and assessment, which were overruled, and, a jury having been waived, the cause was submitted to the court on the question of benefits and the assessment was confirmed.

The act concerning local improvements requires that an ordinance for an improvement to be paid for by special assessment shall prescribe the nature, character, locality and description of such improvement. One of appellant's objections is, that this ordinance did not comply with that provision of the statute in the following particulars: One portion of the supply-pipe is described as follows: "A cast-iron water supply-pipe of the city of Chicago standard, of six inches internal diameter and a weight of thirty-five pounds per lineal foot." Another part is described as "a cast-iron water supply-pipe of the city of Chicago standard, of twelve inches internal diameter and a weight of eighty-three and one-third pounds per lineal foot." The fire hydrants are described as follows: "City of Chicago standard fire hydrants, with two and one-half inch double nozzles." The crosses and tees to be placed in the water supply-pipes in the intersecting and abutting streets are described simply as of the city of Chicago standard. The ordinance itself does not fix any standard or make any reference to any existing pipe or hydrant, or the kind, quality or pattern of hydrants in use in the city.

It is the rule that a substantial compliance with the provisions of the statute is all that is required, and we held in *Peters* v. *City of Chicago*, 192 Ill. 437, that a provision for a single ring of sewer brick laid edgewise was sufficient, on the ground that the word "brick" had a generally accepted meaning and was one of the common things with which every one is necessarily acquainted. No two persons of ordinary observation could have different understandings as to what that description meant. But this one is not of that character. Whether there is any Chicago standard of pipe and fire hydrant, or what it

is, is not a matter that is or ought to be generally known. If there is such a standard, it is purely a local matter concerning a local community, and not such as courts take judicial notice of without proof. It is not a matter of such notoriety that the scope of judicial knowledge can be extended to it. If, as a matter of fact, the description "city of Chicago standard," as applied to water supply-pipes and fire hydrants, had a generally accepted local meaning, so that the officer making the estimate and contractors and bidders would know what it was, it was the privilege of petitioner to prove such fact. (*Kuester* v. *City of Chicago*, 187 Ill. 21.) There was no such proof, and we must look at the ordinance alone to determine whether there was a sufficient description to justify a special assessment. If the description "city of Chicago standard" is good for a material part of the improvement it would be good for all, and an ordinance might provide that a street should be paved according to the city of Chicago standard or a sewer be constructed in a street according to the city of Chicago standard. No one would consider it sufficient in such case.

But counsel for appellee say that, so far as the supply-pipe is concerned, there is a sufficient description aside from the specification that it shall be city of Chicago standard. The ordinance provides that the pipe is to be of certain internal diameter and a certain weight per lineal foot, and it is argued that from this description the kind of pipe can be ascertained. It is true that some material matters of description may be determined from the diameter and weight; but there is an additional material matter of description which, so far as this record shows, either has no existence or is unknown and uncertain. Furthermore, if the argument is good as to the supply-pipe it cannot be applied to the hydrants, of which there is no description except as to size of the nozzles.

Another objection was, that an assessment for benefits could not be based on some future uncertain action.

of the city in laying a water supply-pipe in State street. The ordinance provides that the six-inch pipe shall be laid connecting with the water supply-pipe already laid in Michigan avenue to and connecting with a water supply-pipe to be laid in State street, and a twelve-inch pipe shall be laid to and connecting with said water supply-pipe to be laid in State street to and connecting with the water supply-pipe already laid in Wentworth avenue. The ordinance provides for a cross in the pipe at each intersection, and the pipe, when laid, would extend from the pipe already laid in Michigan avenue to an existing pipe in Wentworth avenue and connect at each end with a pipe already laid. Taking the whole provision, we think that the objection was properly overruled.

Appellant insists that the evidence clearly showed that his property could not be profitably subdivided, and being in use for truck farming, with no building on it, would not be benefited by the improvement, and that the conclusion of the court was against the evidence on that subject. It would not be profitable to consider that question in view of the fact that if it should ever arise again it will be at a future time and perhaps under different conditions.

The judgment of the county court is reversed and the cause remanded.               *Reversed and remanded.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: A rehearing of this cause having been allowed on petition, the case has been fully re-examined by the court, and the above opinion of Mr. Justice CARTWRIGHT has been re-adopted and is now ordered to be again filed as the opinion of the court.