# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 23, 1907.*

1. SPECIAL ASSESSMENTS—*rule as to engineer's estimate being itemized.* The statute requiring the engineer's estimate of cost to be itemized to the satisfaction of the board of local improvements, contemplates that it shall be itemized sufficiently to give the property owners a general idea of the estimated cost of each substantial, component element.

2. SAME—*when paving estimate need not specify item for grading.* A paving improvement estimate, preceded by the statement that it includes labor, material and other expenses, which divides the improvement into four component parts with the estimated cost of each, as, concrete gutter on cinders, combined curb and gutter on cinders, the paving with its various parts, and the adjustment of sewers, covers the grading necessary to put the component elements in place, and need not separately itemize estimated cost of grading.

3. SAME—*rule as to power of court to change assessment roll.* Under sections 47 and 52 of the Local Improvement act the county court has power to change or modify the assessment roll and may refer the roll to the superintendent for revision, but in such case the court must determine, in general, the manner in which the

changes shall be made, and such determination must be incorporated in the record in order to show the action of the court. (*Schemick* v. *City of Chicago*, 151 Ill. 336, distinguished.)

4. Same—*the court cannot adopt new assessment roll made by superintendent.* Where an assessment roll is referred to the superintendent of special assessments with directions to re-cast the same, on the face thereof, in red ink, but without any determination as to the manner of re-casting, if the superintendent, instead of re-casting the roll, returns a new one, the court is without power to adopt it, since the court cannot make the original assessment roll, nor can the superintendent alter a roll he has once returned except in a manner directed by the court.

5. Same—*court has no power to arbitrarily change assessment roll.* After an assessment roll is prepared and returned by the superintendent of special assessments the county court may, for good cause shown at the hearing, but not arbitrarily, make such changes as are necessary to make a just and equitable assessment, or it may refer the roll to the superintendent, who may make such changes as the court directs; but such superintendent is without power, of his own motion or by direction of the court, to make changes according to his own discretion.

Appeal from the County Court of Cook county; the Hon. W. H. Hinebaugh, Judge, presiding.

William L. Reed, and E. P. H. West, (William J. Henley, of counsel,) for appellant.

Charles H. Mitchell, (James Hamilton Lewis, Corporation Counsel, of counsel,) for appellee.

Mr. Justice Dunn delivered the opinion of the court:

Application was made to the county court of Cook county for the confirmation of a special assessment against appellant's property for the paving of Lowe avenue. To the assessment roll originally filed, in which the amount of the assessment against appellant's property was $7371.40, appellant filed no objection. It was defaulted and judgment entered against it for the amount assessed. Afterward the court entered an order referring the roll back to the com-

missioner, with directions to re-cast it on the face thereof in red ink, but giving no directions as to the manner in which it should be done. Some weeks later a new roll was filed assessing appellant's property $10,456, to which the defendant filed objections. It also made a motion to strike the re-cast assessment roll from the files. This motion was overruled as well as all of appellant's objections, and an order was made confirming the assessment against appellant's property, from which this appeal is prosecuted.

It is contended that the estimate of the cost of the improvement is not sufficient because it does not include the grading. The estimate is as follows:

| | |
|---|---:|
| Granite concrete gutters on cinders, 100 lineal feet at 45c. | $45.00 |
| Granite concrete combined curb and gutter on cinders, 5270 lineal feet at 75c............................. | 3952.50 |
| Re-pressed vitrified paving brick on two inches of sand and six inches of Portland cement concrete, joints filled with Portland cement grout, surface dressed with one-half inch of sand, 8240 sq. yards, at $2.75........ | 22,660.00 |
| Adjustment of sewers, catch-basins and man-holes and constructing two new basins........................ | 1342.50 |
| Total ....................... ..................$28,000.00 | |

Appellant proved that the grade of the surface of Lowe avenue was practically the same as that of the pavement provided for by the ordinance, and that the cost of the grading necessary to put the street in condition to receive the pavement would be $1648.

The statute requires the estimate to be itemized to the satisfaction of the board of local improvements, and this court has held that it must be itemized sufficiently to give the owners of property a general idea of what each of the substantial component elements of the improvement is estimated to cost. (*Doran* v. *City of Murphysboro,* 225 Ill. 514; *Lyman* v. *Town of Cicero,* 222 id. 379; *City of Peoria* v. *Ohl,* 209 id. 52.) The estimate divides the improvement into four substantial component elements: the concrete gutter on cinders, the combined curb and gutter on cinders, the

paving with its various parts, and the adjustment of sewers, etc. We do not think the grading constitutes a substantially different component part of the improvement, which must be separately itemized. Grading or excavation is a part of each of the four items of the estimate. No part of the material therein specified can be applied to this improvement without the labor of putting it in place. The estimate is preceded by the statement that it includes "labor, material and all other expenses." It must therefore have been based upon the various items of material in place in the completed work and must have included the necessary grading. The estimates in the cases of *Hulbert* v. *City of Chicago,* 213 Ill. 452, and *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 id. 352, were substantially the same as the estimate in this case and were held sufficient. In *City of Chicago* v. *Singer,* 202 Ill. 75, the estimate stated that it included "labor, material and all other expenses attending the same." The item therein of curb-stones at sixty cents per lineal foot was held to include the labor, material and all other expenses attendant upon putting the stone in place and filling back of it with earth, as required by the ordinance. We regard the estimate as sufficient.

An assessment roll was made and returned to which various property owners other than appellant filed objections, upon the hearing of which the roll was referred back to the commissioner with directions to re-cast the same on the face thereof in red ink, but without determining the manner in which it should be re-cast. The commissioner, instead of re-casting the roll on its face, returned an entire new roll. The court overruled appellant's motion to strike this roll from the files and sustained appellee's motion that the court adopt said re-cast assessment roll, and this action of the court is assigned as error.

By sections 47 and 52 of the Local Improvement act (4 Starr & Cur. Stat. 179, 182,) the court is authorized to inquire into the proceeding in a summary way; to revise

and correct the assessment; to change or modify the distribution of the total cost between the public and property benefited, and also to change the manner of distribution among the parcels of private property, so as to produce a just and equitable assessment; to modify, alter, change, annul or confirm any assessment returned, and to take all such proceedings and make all such orders as may be necessary to make a true and just assessment of the cost of such improvement according to the principles of the act. It may, if necessary to make a just and equitable assessment, annul the whole assessment. The assessment is to be made in the first place by the superintendent of special assessments. The court has no power to make an original assessment. After the roll has been returned to the court the superintendent of special assessments has no power to change an assessment except upon the order of the court. Power over the assessment is then vested in the court. Its power is judicial, and not arbitrary. The court may modify, alter or change the assessment in such manner as it deems right and render judgment accordingly. The court has the power to make the corrections or changes, or to determine, in general, the manner in which the changes shall be made, and refer the assessment roll to the superintendent of special assessments for revision and correction. If the court does refer the roll to the superintendent of special assessments, it must determine, in general, the manner in which the corrections or changes shall be made, and since the action of a court can only be shown by its record, the determination of the manner in which the changes shall be made must be incorporated in the record, otherwise neither the superintendent of special assessments nor the owners of property have any means of knowing what changes are required to be made. The property owner has no means of limiting the changes to those directed by the court, for he has no means of showing what they were. Nor has the court any means of knowing, if another judge than the one who made the order

happens to be presiding. The changes are to be made in accordance with the manner which the court may have determined. The court has no authority to refer the roll back to the superintendent to make a new assessment according to his discretion. It has no authority to direct the roll to be re-cast by the superintendent in the exercise of his own judgment. The court may direct such changes to be made as it may see fit in its judgment and discretion, and the superintendent may make such changes under the order of the court, but he can make no others. He can make no changes on his own judgment. If the court directs the assessment to be re-cast, it must determine, in general, the manner in which it must be done. In this case a new assessment roll was returned showing a reduced assessment on a very large number of property owners and a very much increased assessment on appellant's property. Whether this was in accordance with the manner determined, in general, by the court cannot be known. In fact, the court did not determine the manner, for its record fails to show that it did. The superintendent of special assessments had no right to make this additional assessment on appellant's property except in accordance with the order of the court, and the record shows no such order.

Since the case of *Schemick* v. *City of Chicago,* 151 Ill. 336, in which it was said that it must be presumed that the court acted, in ordering the re-casting of the assessment, within the power conferred, section 33 of the Local Improvement act there referred to has been replaced by section 47 of the act now in force, which requires the court, in referring the assessment roll to the superintendent of assessments for correction, to determine the manner in which the assessments shall be made.

The court had no right to adopt the second assessment roll. The court has no right to make an original assessment. Upon a hearing it may, for sufficient cause shown, change an assessment, but it cannot do so arbitrarily. The

original assessment roll had been returned. Appellant had made no objection and had been defaulted. The court had no right to say it would arbitrarily raise the assessment $3000, and require appellant to defend against that instead of the one actually made against its property. This assessment roll was made without any authority of law.

The court should have sustained appellant's motion to strike the second assessment roll from the files. For its error in not doing so the judgment of confirmation is reversed and the cause remanded.

*Reversed and remanded.*