THE CITY OF EAST ST. LOUIS, Appellee, vs. E. R. DAVIS, Appellant.

*Opinion filed April 23, 1908.*

1. SPECIAL ASSESSMENTS—*when the court is without authority to confirm assessment.* The county court is without authority to confirm a special assessment for an improvement estimated to cost more than $100,000, unless the ordinance has been published in accordance with section 11 of the Local Improvement act.

2. SAME—*what is not sufficient publication of ordinance.* Section 11 of the Local Improvement act, requiring an ordinance for an improvement estimated to cost more than $100,000 to be published "in the proceedings of the council or board of trustees in the usual way, in full, with the recommendations and estimates," is not complied with by publishing in a paper not containing the

council proceedings, a copy of the ordinance, recommendations and estimates, without anything to show that the ordinance had ever been presented to the council or when it would be acted upon.

3. SAME—*purpose of section 11 of the Local Improvement act.* The purpose of section 11 of the Local Improvement act, relating to the publication of ordinances for improvements estimated to cost more than $100,000, is to give the property owners and the public full information as to the proposed improvement and the terms of the ordinance before its passage, and enable them to oppose the ordinance if they so desire.

4. SAME—*fact that city has not acquired land for pumping station is a matter of defense.* Since a city may legally construct, by special assessment, a sewage pumping station upon land already owned by it where such station is part of the sewer improvement proposed to be constructed, one who objects to the assessment upon the ground that the city has not acquired title to the land has the burden of proving that fact as against the *prima facie* effect of the recommendation of the improvement board.

5. SAME—*when estimate of cost is sufficient.* An estimate of cost is sufficient, with respect to the item of the pumping station, if it is described as a one-story, slate roof, brick building, of certain dimensions, set on concrete foundations, and "equipped with five drainage and two sewage-pumping, vertical, single-acting gas engines, direct connected to horizontal shaft centrifugal pumps, $159,500;" nor is it necessary that different items of expense of making and collecting the assessment be stated separately.

6. SAME—*when estimate of cost is properly signed by city engineer.* An estimate of cost signed by the city engineer, who is a member of the board of local improvements, is in compliance with section 10 of the Local Improvement act, requiring the estimate to be signed by the engineer of the board, if there be one.

7. SAME—*when description is not uncertain.* A provision of a sewer ordinance which requires the cost of the improvement to be paid by special assessment upon land lying within the boundaries of the special drainage district, as described in "section 2" of the ordinance, is not rendered uncertain because there is no section 2 in the ordinance, where the district is particularly described in another part of the ordinance, so that the description is sufficient after striking out the reference to section 2.

8. SAME—*when method of making assessment is not improper.* The classifying of lands in a special sewer district into different classes and the applying of a different rate of assessment to each class is not an improper method to be adopted, in the first instance, by the commissioner in making the assessment.

APPEAL from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

FORMAN & WHITNEL, C. B. CARROLL, J. J. RAFTER, DAN. McGLYNN, and H. L. BROWNING, for appellant.

M. V. JOYCE, City Attorney, and DAVID E. KEEFE, Corporation Counsel, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On June 24, 1907, the board of local improvements of the city of East St. Louis presented to the city council an ordinance for the formation of a sewer drainage district and the construction therein of a sewer system and pumping station, together with a recommendation for the improvement and an estimate of the cost thereof. On the same date, at a meeting of the city council, the ordinance, estimate and recommendation were concurred in, referred to the committee on ordinances and ordered published. They were published in the *Republican News* on June 27, 1907, and on July 8, 1907, the ordinance was passed by the council and approved by the mayor. A commissioner appointed to make an assessment filed his report in the city court and application was made by the city for the confirmation of the assessment. Objections filed by appellant were overruled and the assessment confirmed. To review the judgment of confirmation an appeal has been prosecuted to this court.

It is insisted that the ordinance is void because it was not published as required by the statute. Section 11 of the Local Improvement act (4 Starr & Cur. Stat. p. 160,) provides that upon the presentation to the common council of the proposed ordinance, together with the recommendation and estimate, if the estimate shall exceed the sum of $100,-000, exclusive of the amount to be paid for land to be taken or damaged, the ordinance shall be referred to the proper committee and published in the proceedings of the council

in the usual way, in full, with the recommendation and estimates, at least one week before any action shall be taken thereon by the council. The estimated cost was $743,000, and therefore if the ordinance was not published in accordance with the provisions of this section the council had no authority to pass it and the court was without authority to enter the judgment of confirmation. *Nelson* v. *City of Chicago,* 196 Ill. 390; *Kerfoot* v. *City of Chicago,* 195 id. 229.

The ordinance was not published in the proceedings of the council of June 24, nor were the council proceedings of that date published in any part of the newspaper which contained the ordinance. The proceedings of the council were published in another issue of the same paper on July 4, 1907, but such publication did not set out the ordinance and was less than one week before its passage. The ordinance as it appeared in the paper on June 27 was entitled, "Recommendation, estimate of cost and ordinance for a local improvement in the city of East St. Louis, St. Clair county, Illinois." The publication notice was not signed by any city official, and there was nothing to show in the publication that the ordinance had ever been presented to the council or referred to a committee, or when it would come up for passage.

The purpose of publishing the ordinance is the protection of property owners and the public, to enable them to obtain full and specific information in regard to the proposed improvement and the terms of the ordinance before its passage, and to give them an opportunity to oppose it if they so desire. The mere publication of the ordinance, with the recommendation of the board of local improvements and the estimate of costs, does not give the property owner notice of anything done, or when, if at all, anything may be done. From all that appears, the ordinance as published on June 27 may have been published as a mere item of news as to what the board of local improvements intended to recommend to the council at some future time. While it is true, as insisted on behalf of the appellee, that a substantial

compliance with the statute is all that is required, yet in this case the very information intended by the statute to be given the property owners was omitted and the object of the publication entirely disregarded.

It is insisted that there is no statute requiring the publication of the council proceedings, and that this ordinance was published "in the usual way." Although there is no statutory requirement for the publication of the council proceedings, yet this section requires the publication of the ordinance in the proceedings of the council, and the council is without power to pass the ordinance until the terms of this section are complied with. The publication in this case was not in conformity with the statute.

It is next insisted that the ordinance provides for the construction of a pumping station on land which is not shown to be owned by or in the possession of the city. If the city had acquired the title before the passage of the ordinance it was not illegal to provide for the construction of the pumping station on land which the city already owned. (*Snydacker* v. *Village of West Hammond*, 225 Ill. 154.) Section 53 of the Local Improvement act provides that "no special assessment or special tax shall be levied for any local improvement until the land necessary therefor shall be acquired and in possession of the municipality, except in cases where proceedings to acquire such land shall have been begun and proceeded to judgment." Section 9 of the act makes the recommendation of the board of local improvements *prima facie* evidence that all the preliminary requirements of the law have been complied with. The burden of proof was therefore upon the objector to show that the city had not acquired title to the land necessary for the improvement, and this he did not attempt to do. *Wells* v. *City of Chicago*, 202 Ill. 448; *Yaggy* v. *City of Chicago*, 192 id. 104; *McVey* v. *City of Danville*, 188 id. 428.

It is next insisted that the estimate of cost is not sufficiently itemized, for the reason that the items for the pump-

ing station and the expenses of making and collecting the assessment are not more minutely itemized. The estimate contains a description of the various kinds and dimensions of sewers and of the materials to be used in connection therewith and a statement of the cost, and no objection is made to it except as to the two items mentioned, which are as follows: "Pumping station, including a slate roof, one-story brick building 37x136 feet, set on concrete foundations, equipped with five drainage and two sewage-pumping, vertical, single-acting gas engines, direct connected to horizontal shaft centrifugal pumps, $159,500; cost of making and collecting special assessments, $22,010.25." The requirement of the statute that the estimate of cost shall be itemized has been held to be sufficiently complied with if the estimate is so specific as to inform property owners in regard to the estimated cost of each substantial component element of the improvement. (*Chicago and Western Indiana Railroad Co.* v. *City of Chicago,* 230 Ill. 9; *Hulbert* v. *City of Chicago,* 213 id. 452; *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 id. 352.) It was not necessary for the estimate to contain specifications in detail for the pumping station, its building, foundations, boilers, engines and pumps, or the different items of the expense of making and collecting the assessment.

The estimate was signed by the city engineer. It is claimed that it should have been signed by the president of the board of local improvements, and that the variance is fatal to the ordinance. The city engineer is a member of the board of local improvements, and section 10 of the act requires the estimate to be signed by the engineer of the board. It was sufficient in this respect.

A sewer drainage district is created by the ordinance, which in paragraph 41 of sub-section C describes the boundaries of the district. In paragraph 44 of sub-section C it is provided that the cost of the improvement shall be paid by special assessment upon the land lying within the boundaries

of said special drainage district, as described in section 2 of the ordinance. It is contended that this description is uncertain because there is no section 2 in the ordinance. The reference to section 2 may be stricken out and a sufficient description remains.

It is objected that the ordinance is unreasonable in requiring house-slants every twenty-five feet. Such provision has been frequently held not unreasonable. *Vandersyde* v. *People*, 195 Ill. 200; *Washington Park Club* v. *City of Chicago*, 219 id. 323; *Walker* v. *City of Chicago*, 202 id. 531.

. It is contended that the sewer drainage district was arbitrarily formed, without regard to the territory which would be specially benefited, and that a large territory within the city limits is benefited but is not included within the district or assessed. Forty witnesses were examined and their testimony occupies seventy-five pages of the abstract. Counsel for appellant content themselves, so far as this feature of the case is concerned, with the statement of their position. They do not point out the facts which sustain their position or refer to the testimony of a single witness, but leave us to search through the abstract to ascertain whether the evidence sustains their contention. The evidence is conflicting. We cannot say that the finding is against its weight.

The method adopted by the commissioner in making the assessment is attacked because he first classified the property, applying a different rate of assessment to the four classes which he adopted. This was merely a means of arriving at the result, and was not improper.

The question whether appellant's property was assessed more than it was benefited or more than its proportionate share of the cost of the improvement was submitted to the jury, and their verdict is sustained by the evidence.

Because the ordinance was not published in accordance with the statute the judgment is reversed and the cause remanded.                    *Reversed and remanded.*