The Village of Bellwood, Appellee, *vs.* Arthur T. Galt *et al.* Appellants.

*Opinion filed June 16, 1926.*

1. Special assessments—*when burden is on the petitioner to prove proper action of the board.* The only effect of the statute making the recommendation of the board of local improvements *prima facie* evidence of compliance with the law is that such compliance shall be assumed until evidence to the contrary is introduced, and when evidence is introduced in support of an objection that the board had not prepared or recommended the ordinance the *prima facie* case no longer prevails and it becomes necessary for the petitioner to introduce evidence to show such action.

2. Same—*what constitutes official action of board of local improvements—evidence.* Official action of such a body as the board of local improvements of a municipality can be taken only by a majority of its members meeting together and acting officially, and the record of such body required to be kept is the only lawful evidence of its action, which cannot be contradicted or added to by parol evidence.

3. Same—*record of board must show approval of ordinance at official meeting.* In considering the desirability of an improvement the members of the board of local improvements act in their official capacity and can act only at an official meeting, and while it is not necessary that the board perform the physical act of writing the improvement ordinance, the record of the board must show that the ordinance was prepared and the improvement recommended by a majority of the board at an official meeting or the ordinance will be held invalid.

4. Same—*when record does not show proper action of board in recommending improvement.* Where there is an objection to the confirmation of a special assessment that no official action was taken by the board of local improvements in recommending the improvement, and the evidence introduced, together with a stipulation, shows no such action, the recommendation signed by the majority of the board is not evidence of the fact that the recommendation was approved or ordered by the board at an official meeting and the improvement ordinance must be held invalid.

Appeal from the Superior Court of Cook county; the Hon. E. M. Mangan, Judge, presiding.

LYMAN, ADAMS, BISHOP & DUPEE, (EUGENE H. DU-
PEE, HOWARD F. BISHOP, DANIEL S. WENTWORTH, ANGUS
ROY SHANNON, and WILLIAM H. DILLON, of counsel,) for
appellants.

LANGWORTHY, STEVENS & McKEAG, for appellee.

FRANCIS X. BUSCH, Corporation Counsel, and T. A.
SHEEHAN, for the city of Chicago, intervening petitioner.

Mr. JUSTICE DUNN delivered the opinion of the court:

The village of Bellwood filed a petition in the superior
court of Cook county, pursuant to an ordinance passed by
the president and board of trustees of the village, for the
improvement of Twenty-fifth avenue between the south line
of Madison street extended and the north line of Marsh's
subdivision, praying for the levying of a special assessment
for the cost of the improvement and for the ascertainment
of just compensation for the land to be taken or damaged
by it. An assessment roll was filed assessing benefits against
the property involved in the appeal in the sum of $1780
and awarding compensation in the sum of $1600 for the
part of the property taken by the improvement. Arthur T.
Galt and Ida C. Galt, the owners of the property, filed nu-
merous objections, among which were the objections that
the ordinance and the improvement were unreasonable; that
the ordinance attached to the petition was not recommended
by the board of local improvements; that no ordinance was
submitted to the council by the board of local improvements;
that the description of the proposed improvement was in-
definite and uncertain, and that the elevation of the road-
way could not be determined because the ordinance pro-
vided that the elevation should be the same as that of the
existing sidewalk on the east side of the street, which did
not extend the entire length of the roadway. The legal
objections were all overruled. There was a hearing as to

the benefits and damages before the court without a jury and a judgment fixing the compensation for property taken at $2000, finding that the property not taken would not be damaged and confirming the assessment roll, from which the objectors have appealed.

Several of the assignments of error have been argued by the appellants with much force, but we shall only consider one, which is fatal to the whole proceeding: that the ordinance was not submitted to the council and was not recommended by the board of local improvements.

Section 5 of the Local Improvement act provides that no ordinance for any local improvement to be paid wholly or in part by special assessment or special taxation shall be considered or passed by the city council or board of trustees of any city, village or town unless the same shall first be recommended by the board of local improvements. Section 7 provides that all such ordinances shall originate with the board of local improvements, which shall adopt a resolution describing the improvement and fixing a day and hour for the public consideration of such resolution, cause an estimate to be made of the cost of the improvement, which must be made a part of the record of the resolution, and give notice of the time and place of a public hearing, and if "upon such hearing the board shall deem such improvement desirable, it shall adopt a resolution therefor, and prepare and submit an ordinance therefor as hereinafter provided." Section 8 provides that at the public hearing, in case any person shall appear to object to the proposed improvement or any of the elements thereof, the board shall adopt a new resolution abandoning the proposed scheme or adhering thereto or modifying the extent, nature, kind, character and estimated cost, and if the proposed improvement be not abandoned, shall cause an ordinance to be prepared therefor to be submitted to the council or board of trustees, prescribing the nature, character, locality and description of the improvement and providing whether the

same shall be made wholly or in part by special assessment or special taxation on contiguous property. Section 9 provides, with any such ordinance presented by the board of local improvements to the city council or board of trustees shall be presented also a recommendation of such improvement by the board, signed by at least a majority of the members thereof, which shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a variance be shown on the proceedings in the court it shall not affect the validity of the proceedings unless the court shall deem the same willful or substantial.

These sections impose upon the board of local improvements responsibility for the initiation of all local improvements to be paid for wholly or in part by special assessment or special taxation and the duty of compliance with all the provisions of·the act as conditions precedent to any action of the city council or the board of trustees of a village. In the absence of a resolution, an estimate of cost, an ordinance prepared by the board prescribing the nature, locality and description of the improvement, and providing whether the same shall be made wholly or in part by special assessment or special taxation on contiguous property, and presented to the council or board of trustees, together with a recommendation of the improvement signed by a majority of the members of the board of local improvements, the board of trustees of the appellee was without authority to pass the ordinance for this improvement. Attached to the petition is a copy of the ordinance as required by section 14 of the Local Improvement act, together with copies of the estimate and a recommendation of the improvement signed by a majority of the members of the board of local improvements. This recommendation is declared by the act .to be *prima facie* evidence of a full compliance with all the requirements of the law. The village was therefore under no obligation, in the first instance, to introduce any evidence of a compliance with the preliminary provisions of the act,

but when evidence was introduced in support of the objection that the board of local improvements had not prepared or recommended the ordinance, the *prima facie* case no longer prevailed and it then became necessary for the village to introduce evidence to show such compliance. The statute making the recommendation *prima facie* evidence of a compliance with the law merely established a rule of procedure changing the burden of proof. In the absence of this statute the village would have been required, in the first instance, to assume the burden of producing proof that the ordinance had been prepared by the board of local improvements and that the board had recommended the improvement to the board of trustees. The only effect of the statute making the certificate *prima facie* evidence is that such compliance shall be assumed until evidence to the contrary is introduced. *Chicago Terminal Transfer Railroad Co.* v. *City of Chicago,* 217 Ill. 343; *City of Rockford* v. *Mower,* 259 id. 604; *City of Peoria* v. *Peoria Railway Co.* 274 id. 48; *Village of Oak Park* v. *Hulbert,* 307 id. 270.

The board of local improvements is a body to which are committed not only the initiation of all public improvements to be made by special assessment or special taxation, but also important duties in regard to the making of contracts for the construction of such improvements and the performance of such contracts. Official action of such a body can be taken only by a majority of its members meeting together and acting officially. (*People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402; *McKeown* v. *Moore,* 303 id. 448; *McManus* v. *McDonough,* 107 id. 95.) When a record of its proceedings is required to be kept the record is the only lawful evidence of its action, and it cannot be contradicted or added to by parol. *People* v. *Madison County,* 125 Ill. 334; *People* v. *Smith,* 149 id. 549; *People* v. *Carr,* 231 id. 502; *People* v. *Warren,* id. 518; *Southworth* v. *Board of Education,* 238 id. 190; *City of Belleville* v. *Miller,* 257 id. 244; *People* v. *Toledo, St. Louis and*

*Western Railroad Co.* 270 id. 472; *People* v. *Hartquist,*
311 id. 127.

The statute requires the board of local improvements,
in section 7, to prepare and submit an ordinance, and in
section 8 to cause to be prepared an ordinance to be sub-
mitted to the council or board of trustees, as the case may
be. It is not required that the board should by one of its
own members perform the physical work of writing the
ordinance but the act of preparing it is an official act of
the board which requires a meeting of at least a majority
of the members, at which there may be a consideration of
the ordinance and a conclusion arrived at in regard to the
recommendation of the improvement. The board of local
improvements is required to keep a record of its proceed-
ings, and such record cannot be contradicted, added to or
suplemented by parol. (*City of Belleville* v. *Miller, supra.*)
The act of preparing and submitting the ordinance with a
recommendation of the improvement, like the official ac-
tion of any body of individuals transacting public business,
requires the official assent of a majority of the members at
a meeting of the board, and this can be shown only by the
record.

The first resolution of the board, including the estimate
of the cost, and the second resolution, were introduced in
evidence, and it was stipulated by the attorney for the ap-
pellee "that there was no further action taken and entered
in the journal of the board of local improvements with ref-
erence to this improvement by the board after the adoption
of the second resolution." A record which is the only
source of evidence by which official action can be shown,
which does not show any action shows that none was taken.
The act of the individual members of the board is not the
act of the board. The recommendation signed by the ma-
jority of the board of local improvements is not evidence
of the fact that the recommendation was approved or or-
dered by the board at an official meeting and does not iden-

tify the ordinance as one approved or considered by the board. Such a recommendation may never have been approved by the board but may have been carried about and the signatures procured separately and independently, without any official action whatever. The recommendation served its purpose under the rule of procedure fixed by the statute of showing a *prima facie* case, but it is not of itself evidence, and when evidence is introduced to the contrary it has no effect to overcome such evidence.

For the want of compliance with the requirements of the statute by the board of local improvements, as shown by its record, the board of trustees of the village was without authority to pass the ordinance for the improvement and the superior court should have dismissed the petition.

The judgment is reversed.        *Judgment reversed.*